UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 19-cv-02475-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 1, 2, 4 |

Jerry Hamiltonhausey, an inmate at San Quentin State Prison, has filed a "petition for relief appealing conviction pursuant statute. CPC § 195, § 197(1)(2)(3), § 198 & FRCP Rule 60." Docket No. 1 (errors in source). This latest effort to set aside his 1991 murder conviction will be rejected as an unauthorized second or successive petition for writ of habeas corpus.

**BACKGROUND**

In 1991, Hamiltonhausey was convicted in Alameda County Superior Court of second-degree murder and was found to have used a firearm during the commission of the offense. He currently is serving a sentence of 18 years to life in prison for that crime. *See Hamiltonhausey v. Henry*, Case No. 96-cv-0734 SI, 1997 WL 182295 (N. D. Cal. 1997). The California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petitions for writ of habeas corpus. *Id.* at *1.

In 1996, Hamiltonhausey filed a federal petition for writ of habeas corpus to challenge that conviction. This court denied the petition for writ of habeas corpus on the merits in 1997. *Id.* The United States Court of Appeals for the Ninth Circuit later denied a certificate of probable cause, thus ending his first federal action for writ of habeas corpus. *See Hamiltonhausey v. Henry*, Case

No. 96-cv-0734 SI, Docket No. 38.

In 2013, Hamiltonhausey filed another federal petition for writ of habeas corpus to challenge that murder conviction again. This court dismissed the petition without prejudice to him filing a new petition for writ of habeas corpus if he ever obtained permission from the Ninth Circuit to file a second or successive petition. *See Hamiltonhausey v. Beard*, No. 13-cv-5214 SI, Docket No. 4.

The Ninth Circuit thrice has denied Hamiltonhausey's applications to file a second or successive petition for writ of habeas corpus. *See Hamiltonhausey v. Chappell*, Ninth Cir. Case No. 14-70060 (order filed Feb. 28, 2014); *Hamiltonhausey v. Davis*, Ninth Cir. Case No. 18-73148 (order filed April 18, 2019); *Hamiltonhausey v. Davis*, Ninth Cir. Case No. 19-71010 (order filed June 13, 2019).

The "petition for relief" filed to commence this action attacks Hamiltonhausey's 1991 murder conviction. The petition alleges that the conviction should be set aside because (1) the killing was justifiable homicide, rather than second degree murder; (2) Hamiltonhausey's trial and appellate attorneys committed fraud by intentionally omitting facts that would have shown that the crime was not second degree murder, as evidenced by their statements at the time of trial; and (3) the trial court failed to properly apply provisions of the California Penal Code regarding the element of malice aforethought. *See* Docket No. 1.

**DISCUSSION**

A person who wants to challenge a state court conviction may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. After that first petition is denied, the person's ability to challenge that conviction again is quite limited, and must surmount the obstacles imposed by 28 U.S.C. § 2244(a) and (b) to second or successive petitions. Most notably, a second or successive petition for writ of habeas corpus may not be filed in this court unless the petitioner first obtains from the Ninth Circuit an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d

661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)).

Hamiltonhausey's "petition for relief" is a second or successive petition, as it challenges the 1991 murder conviction that was challenged in the petition for writ of habeas corpus filed in *Hamiltonhausey v. Henry*, Case No. 96-cv-0734 SI, and is based on facts that occurred by the time of that earlier petition. Although he does not label the current filing as a petition for writ of habeas corpus, it will be treated as a petition for writ of habeas corpus because an action for writ of habeas corpus is the exclusive method by which a prisoner may challenge in federal court his state court conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'"). The restrictions of 28 U.S.C. § 2244(b)(3)(A) apply to Hamiltonhausey's petition, and he must obtain an order from the Ninth Circuit authorizing this court to consider his new petition.

Hamiltonhausey states that the Ninth Circuit has granted his application for authorization to file a second or successive petition for writ of habeas corpus. Docket No. 1 at 1. He is wrong. The Ninth Circuit's orders plainly denied each of his three applications for authorization to file a second or successive petition for writ of habeas corpus. Hamiltonhausey thus has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition, and this court cannot entertain a new petition for writ of habeas corpus from Hamiltonhausey unless and until he first obtains permission from the Ninth Circuit to file such a petition.

Finally, Hamiltonhausey cites Federal Rule of Civil Procedure 60 as authority for his "petition for relief" seeking to vacate the state court murder conviction. Docket No. 1 at 1, 2. Rule 60 does not help him, however. Any effort to rely on subsection (b) of that rule fails because Rule 60(b) is a vehicle to obtain relief from a district court's own judgment; and does not give a district court authority to set aside the judgment of another federal court or a state court (except perhaps in the limited and inapposite situation where a judgment of another court has been registered in the

district court under 28 U.S.C. § 1963).[1] Subsection (d) might at first blush appear more promising, but ultimately does not help Hamiltonhausey. Rule 60(d) provides that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3). Although Rule 60 does not limit a court's power to entertain an independent action, there nonetheless must be a jurisdictional basis for that independent action. *See In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995) (district court lacked subject matter jurisdiction over independent action alleging a "garden variety state law fraud claim" as a basis to set aside an acknowledgment of satisfaction of judgment in the earlier federal action). The rule itself does not confer subject matter jurisdiction. *See* Fed. R. Civ. P. 82 (Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts"). "For a federal court to have subject matter jurisdiction to hear an independent action there must be some statutory or constitutional basis for its jurisdiction." *Hunter,* 66 F.3d at 1005. Here, there is no statutory or constitutional basis for a federal action other than 28 U.S.C. § 2254, as that is the exclusive federal remedy by which a state prisoner may challenge his state court conviction. *See Hill v. McDonough*, 547 U.S. at 579; *Preiser v. Rodriguez*, 411 U.S. at 500. The only sort of action that Mr. Hamiltonhausey potentially can file in federal court to challenge his state court conviction is a petition for writ of habeas corpus. And that brings this case full circle to the problem discussed earlier in this order: Hamiltonhausey cannot file a new petition for writ of habeas corpus unless and until he obtains the necessary order from the Ninth Circuit permitting him to file a second or successive petition for writ of habeas corpus. In short, while Rule 60 would not preclude a new petition for writ of habeas corpus under § 2254, Rule 60 does not allow Hamiltonhausey to avoid the requirement that he first obtain permission from the Ninth Circuit to file a new petition for writ of habeas corpus.

---

[1] This court does not understand the "petition for relief" to be a Rule 60(b) motion with respect to a judgment in one of Hamiltonhausey's earlier federal habeas actions. Hamiltonhausey chose not to include the case number for any of those earlier federal habeas actions and the text of the "petition for relief" plainly urges that his state court conviction should be set aside, rather than that a judgment in a federal habeas action should be set aside.

4

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED without prejudice to Hamiltonhausey filing a second or successive petition for writ of habeas corpus if he ever obtains the necessary order from the Ninth Circuit to do so.

Hamiltonhausey's motion for appointment of counsel is DENIED. Docket No. 2. The appointment of counsel is not appropriate when, as here, the action is being dismissed. Hamiltonhausey's *in forma pauperis* application is DENIED. Docket No. 4. He must pay the $5.00 filing fee no later than **September 1, 2019**.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: 8/8/19

_____
SUSAN ILLSTON
United States District Judge